IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JORDON SIMMONS, | ) | CIVIL. NO. 13-00037 JMS/KSC |
| | ) | CR NO.  10-00789-02 JMS |
| Petitioner, | ) | |
| | ) | ORDER (1) DISMISSING IN PART |
| vs. | ) | PETITIONER'S MOTION UNDER |
| | ) | 28 U.S.C. § 2255 TO VACATE, SET |
| UNITED STATES OF AMERICA, | ) | ASIDE, OR CORRECT SENTENCE |
| | ) | BY A PERSON IN A FEDERAL |
| Respondent. | ) | CUSTODY; AND (2) REQUIRING |
| | ) | PETITIONER TO SHOW CAUSE |
| | ) | WHY REMAINING ARGUMENT IN |
| | ) | PETITION SHOULD NOT BE |
| _____ | ) | DISMISSED; APPENDIX A |

**ORDER (1) DISMISSING IN PART PETITIONER'S MOTION UNDER 28
U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A
PERSON IN A FEDERAL CUSTODY; AND (2) REQUIRING PETITIONER
TO SHOW CAUSE WHY REMAINING ARGUMENT IN PETITION
SHOULD NOT BE DISMISSED**

## I.  INTRODUCTION

Currently before the court is Petitioner Jordon Simmons'

("Simmons") Petition Pursuant to 28 U.S.C. § 2255 to Vacate Sentence and Set

Aside for a New Sentencing ("§ 2255 Motion").  Doc. No. 115.  Simmons

challenges his sentence based on ineffective assistance of counsel, arguing that his

counsel (1) failed to seek dismissal of Counts 4 and 5 of the Indictment alleging

violations of 18 U.S.C. §§ 924(c)(1)(A) and (c)(2) where he only possessed, and

did not use or carry, a firearm in relation to a drug trafficking crime; and (2) failed

to notify, contact, and/or obtain permission from him when she filed for a voluntary dismissal of his appeal.

Based upon the court's review of the record and the arguments made, the court (1) DENIES the § 2255 Motion as to Simmons' argument that his counsel should have argued actual innocence as to Counts 4 and 5 alleging violations of 18 U.S.C. §§ 924(c)(1)(A) and (c)(2); and (2) orders Simmons to SHOW CAUSE why the court should not deny his argument that his counsel failed to confer with him regarding the voluntary dismissal of the appeal, where Simmons signed a declaration to the contrary.

## II.  BACKGROUND

On October 27, 2010, a grand jury in the District of Hawaii returned a 6-count Indictment charging Simmons with:

- Count 1: conspiring to distribute and possess with intent to distribute 50 grams or more of a mixture containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1);
- Count 2: distributing 50 grams or more of a mixture containing a detectable amount of methamphetamine on October 7, 2010 in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B);
- Count 3: distributing 50 grams or more of a mixture containing a detectable amount of methamphetamine on October 14, 2010 in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B);
- Count 4: knowingly using and carrying a firearm during and in relation to the drug trafficking crime charged in

Count III in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(2);

- Count 5: conspiring to use and carry a firearm during and in relation to the drug trafficking crime charged in Count III in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(2); and

- Count 6: knowingly possessing in and affecting interstate commerce a firearm while having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On April 19, 2011, Simmons entered a guilty plea as to Counts 1-6. Doc. No. 46. On September 12, 2011, Simmons was sentenced to 144 months as to Counts 1, 2, 3, and 5; 120 months as to Count 6 to run concurrently to Counts 1, 2, 3, and 5; and 60 months as to Count 4 to run consecutively to Counts 1, 2, 3, 5 and 6. Doc. No. 76.

On September 16, 2011, Simmons filed his Notice of Appeal. Doc. No. 77. On December 30, 2011, Simmons' counsel filed with the Ninth Circuit a Motion to Voluntarily Withdraw Appeal. *See United States v. Simmons*, No. 11-10459 (9th Cir.), at Doc. No. 5. In her Declaration, Simmons' counsel explained that she had discussed with Simmons the current state of Ninth Circuit law on the issue that they were considering raising on appeal, as well as the fact that prevailing on appeal would likely not affect his sentence. *Id.* at Doc. No. 5-2, Pamela O'Leary Tower Decl. ¶ 2. Simmons' counsel further asserted that

3

Simmons agreed with her assessment and informed her that he would execute a

declaration consenting to the dismissal of the appeal.  *Id.* ¶ 4.  On January 5, 2012,

Simmons' counsel supplemented the Motion to Voluntarily Withdraw Appeal with

Simmons' Declaration.  *Id.* at Doc. No. 6-3 (and attached to this Order as

Appendix A).  Simmons' Declaration, signed under penalty of perjury, states that

(1) his counsel discussed with him the merits of his appeal and whether it was to

his benefit to pursue it; (2) his counsel fully advised him of the consequences of

dismissing the appeal; and (3) he chooses not to pursue the appeal and that he

voluntarily consents to its dismissal.  *Id.*, Simmons Decl. ¶¶ 2-4.  On January 18,

2012, the Ninth Circuit entered its Order dismissing Simmons' appeal in light of

the Motion for Voluntary Dismissal.

On January 23, 2013, Simmons filed his § 2255 Motion.

### III.  STANDARD OF REVIEW

The court's review of Simmons' Motion is governed by 28 U.S.C.

§ 2255(a):

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right to be
> released upon the ground that the sentence was imposed
> in violation of the Constitution or laws of the United
> States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess
> of the maximum authorized by law, or is otherwise
> subject to collateral attack, may move the court which

imposed the sentence to vacate, set aside or correct the
sentence.

A court should hold an evidentiary hearing on a § 2255 motion
"unless the files and records of the case conclusively show that the prisoner is
entitled to no relief."  28 U.S.C. § 2255(b).  "In determining whether a hearing and
findings of fact and conclusions of law are required, '[t]he standard essentially is
whether the movant has made specific factual allegations that, if true, state a claim
on which relief could be granted.'"  *United States v. Withers*, 638 F.3d 1055, 1062
(9th Cir. 2011) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.
1984)).  "Thus, the district court's decision that [the petitioner's] ineffective
assistance claim did not warrant an evidentiary hearing [is] correct if his
allegations, when viewed against the record, do not state a claim for relief or are so
palpably incredible or patently frivolous as to warrant summary dismissal."  *United
States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (citing *Schaflander*, 743 F.2d
at 717) (quotations omitted)).  Conclusory statements in a § 2255 motion are
insufficient to require a hearing.  *United States v. Johnson*, 988 F.2d 941, 945 (9th
Cir. 1993).  After careful consideration of Simmons' allegations and the record as a
whole, the court concludes that an evidentiary hearing is not required at this time.

///

///

## IV.  DISCUSSION

Simmons asserts that he is entitled to relief pursuant to § 2255 because his counsel provided ineffective assistance of counsel when she (1) failed to seek dismissal of Counts 4 and 5 of the Indictment asserting violations of 18 U.S.C. §§ 924(c)(1)(A) and (c)(2); and (2) filed a voluntary withdrawal of appeal without consultation and/or receiving his permission.  Based on the following, the court finds that the first argument lacks a legal basis, and the second argument appears to ignore the facts of this action.

### A.      Violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(2)

Simmons argues that his counsel provided ineffective assistance by failing to seek dismissal of Counts 4 and 5 alleging that he knowingly used and carried a firearm during and in relation to the drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(2) (Count 4), and that he conspired to do so (Count 5).  The basis of these Counts is that on October 14, 2010, Simmons and his co-defendant, Miguel-Santos, met with a confidential source ("CS") to sell the CS eight ounces of methamphetamine in exchange for $19,300.  Doc. No. 81, Presentence Investigative Report ¶ 15.  Simmons and Miguel-Santos arrived in a Lexus, after which Simmons provided the methamphetamine to the CS in the CS's vehicle.  *Id.*  After Simmons and Miguel-Santos were arrested, officers found a

loaded .38 caliber Smith and Wesson revolver in the Lexus (the vehicle Simmons

and Miguel-Santos drove to the transaction), and Simmons admitted to officers that

he had brought the gun to the methamphetamine transaction for protection.  *Id.*

¶¶ 17-19.  Simmons does not dispute these facts or that he is guilty of a drug

trafficking crime (Count 3), but instead argues that any adequate investigation of

the law would have revealed that these facts do not support a violation of 18 U.S.C.

§ 924(c) as charged in the Indictment.  Simmons misunderstands both the charges

against him and the law.

    The Indictment charged Simmons with knowingly using and carrying

a firearm during and in relation to a drug trafficking crime.[1]  In arguing that he is

innocent of this charge, Simmons relies on caselaw interpreting the term "use" in

18 U.S.C. § 924(c).[2]  Specifically, *Bailey v. United States*, 516 U.S. 137, 143

---

[1]  Although the Indictment charged this conduct in the conjunctive (*i.e.*, that Simmons used and carried a firearm during and in relation to a drug trafficking crime), 18 U.S.C. § 924(c)(1)(A) is written in the disjunctive (*i.e.*, providing a sentencing enhancement where a person "uses or carries a firearm" during and in relation to a drug trafficking crime).  "When a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count and proof of any one of those conjunctively charged acts may establish guilt."  *United States v. Booth*, 309 F.3d 566, 572 (9th Cir. 2002) (citing *United States v. Urrutia*, 897 F.2d 430, 432 (9th Cir. 1990); *United States v. Bettencourt*, 614 F.2d 214, 219 (9th Cir. 1980)).  Thus, to the extent Simmons argues that he is innocent because he did not both use and carry the firearm as charged in the Indictment, such argument fails.

[2]  Sections  924(c)(1)(A) and 924(c)(2) provide:
          (c)(1)(A) Except to the extent that a greater minimum sentence is
          otherwise provided by this subsection or by any other provision of
          law, any person who, during and in relation to any crime of

(continued...)

(1995), explains that the term "use" in § 924(c) requires an "active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense."  As a result, "'use' does not encompass 'mere possession,' especially where a weapon is kept at or near the site of a drug crime for the purpose of 'embolden[ing]' the offender."  *United States v. Guess*, 203 F.3d 1143, 1146 (9th Cir. 2000) (quoting *Bailey*, 516 U.S. at 149).  In light of this caselaw, if Simmons was charged with only *using* a firearm during and in relation to a drug trafficking crime, his innocence argument would be well taken.

But Simmons was also charged with *carrying* a firearm during and in relation to a drug trafficking crime.[3]  The Supreme Court has explained that

---

[2](...continued)
> violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>> (i) be sentenced to a term of imprisonment of not less than 5 years . . . .
> (2) For purposes of this subsection, the term "drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46.

[3] Simmons was not charged with possessing a firearm in violation of 18 U.S.C. § 924(c)(1)(A), and the court does not consider that prong of the statute.

although the term "carry" "implies personal agency and some degree of possession," *Muscarello v. United States*, 524 U.S. 125, 134 (1998), the firearm need not be "immediately accessible." *Id.* at 138.  As a result, *Muscarello* held that a person carries a firearm when he "knowingly possesses and conveys firearms in a vehicle, including in the locked glove compartment or trunk of a car, which the person accompanies." *Id.* at 126-27; *see also United States v. Aquino*, 242 F.3d 859, 867 (9th Cir. 2001) (determining that even though the defendant did not admit at sentencing to conduct establishing use of a firearm during a drug trafficking crime, the conduct of driving to a drug transaction with the revolver in the vehicle was sufficient to establish that the defendant carried the firearm).

Because Simmons brought the firearm in the vehicle for protection during the drug transaction, he "carried" the firearm during and in relation to a drug transaction.  The court therefore DENIES Simmons' § 2255 Motion to the extent it argues that his counsel provided ineffective assistance of counsel when she failed to seek dismissal of Counts 4 and 5 based on his actual innocence.

**B.**     **Failure to Consult Regarding Dismissal of Appeal**

Simmons also argues that his counsel failed to provide effective assistance when she filed for a voluntary dismissal of his appeal without his consent.  Simmons argues that he "was only notified long after she motioned the

Appellate Court for a 'voluntary dismissal.'" Doc. No. 115, Mot. at 4. In direct

contradiction to Simmons' argument, however, the Ninth Circuit dismissed his

appeal only after it received his Declaration, signed January 11, 2012, stating that

he has been fully advised on the merits and benefits of his appeal, and that he

chooses to voluntarily consent to its dismissal. *See* Appendix A. In light of his

Declaration, it appears that Simmons' assertions in his § 2255 Motion that he did

not give informed consent for the dismissal are mistaken or untrue.

Given Simmons' Declaration, the court orders Simmons to SHOW

CAUSE, by March 1, 2013, why his § 2255 Motion asserting that he did not

provide informed consent for the voluntary dismissal should not be dismissed.

## V.  <u>CONCLUSION</u>

Based on the above, the court DENIES the Petition pursuant to 28

U.S.C. § 2255 to Vacate Sentence and Set Aside for a New Sentencing, to the

extent it argues that Simmons' counsel was ineffective by failing to challenge

Counts 4 and 5 of the Indictment. The court further orders Simmons to SHOW

CAUSE, by March 1, 2013, why the court should not deny his § 2255 Motion to

the extent it asserts that his counsel failed to obtain informed consent for the

voluntary dismissal. At this time, the government need not file a response to the

§ 2555 Motion.  The court will address whether a certificate of appealability is proper after determining all issues in the § 2255 Motion.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 30, 2013.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Simmons v. United States*, Civ. No. 13-00037 JMS/KSC, Cr. No. 10-00789-02 JMS, Order
(1) Dismissing in Part Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or
Correct Sentence by a Person in a Federal Custody; and (2) Requiring Petitioner to Show Cause
Why Remaining Argument in Petition Should Not Be Dismissed